UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10247-RGS

UNITED STATES OF AMERICA

v.

ERIC LAWRANCE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO VACATE CONVICTION

November 18, 2020

STEARNS, D.J.

    Defendant Eric Lawrance pled guilty on October 14, 2014, to being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g).   On January 8, 2015, he was sentenced by the court to 110 months of imprisonment followed by 36 months of supervised release.   As the indictment was returned and the plea taken prior to the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), neither the indictment nor the district court in the plea colloquy explicitly informed Lawrence that scienter is an essential element of the offense; specifically that the government was required to prove that, at the time of the offense, that he knew that he belonged to the category of persons (convicted felons) who are prohibited from possessing firearms and ammunition..   He now moves to vacate his conviction based on *Rehaif.*   As the motion is legally, and for all material

purposes, factually[1] foreclosed by the First Circuit's plain error analysis in *United States v. Burghardt*, 939 F.3d 397 (1st Cir. 2019), it is hereby DENIED.[2]

                                              SO ORDERED.

                                              /s/ Richard G. Stearns
                                              __UNITED STATES DISTRICT JUDGE__

---

[1] Considering Lawrance's extensive record of convictions, as well as the court's familiarity with plea practices in the Massachusetts state courts, I give no credence to his assertion that because of the difference in definitions of a felony under state and federal law he never understood that he qualified as a felon, that is, a person convicted of an offense carrying a potential punishment in excess of one year of imprisonment.

[2] I also rely on Judge Saris's concise and reasoned explanation of the legal framework undergirding *Rehaif* as she sets it out in *United States v. Windley*, 2020 WL 4583843 (D. Mass. August 10, 2020).